UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD CHAPEL,

    Plaintiff,

v.

RECONTRUST COMPANY, N.A., BAC HOME LOANS SERVICING, LP,

    Defendants.

CASE NO. C10-5846BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss under Rule 12(b)(6) (failure to state a claim). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion for the reasons discussed herein.

## I. PROCEDURAL HISTORY

On December 10, 2010, Defendants filed a motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 12. On December 30, 2010, Plaintiff ("Chapel") responded in opposition. Dkt. 15. On January 7, 2011, Defendants replied. Dkt. 16.

Additionally, in a separate matter (10-1345BHS, "*Chapel I*"), Plaintiff filed a complaint naming, among other Defendants, BAC Home Loans Servicing, LP ("BAC"). *See Chapel I*, Dkt. 1. BAC is also named in this case. On November 2, 2010, the Court dismissed all but one claim in *Chapel I. Id.*, Dkt. 25.

## II. FACTUAL BACKGROUND

For a more complete factual background *see Chapel I*, Dkt. 25 (order granting in part and denying in part motion to dismiss).

ORDER – 1

The present matter arises out of the same transaction as *Chapel I*. In this action, *Chapel II*,[1] Chapel asserts claims against ReconTrust Company, N.A. ("ReconTrust") and BAC for (1) wrongful foreclosure, (2) quiet title, and (3) injunctive releif.

## III. DISCUSSION

Defendants first move to dismiss *Chapel II* on the basis that it violates the rules against claim splitting.

**A.    Legal Standard**

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative, later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Id.* at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)) (en banc).

In assessing whether a second action is duplicative of the first, the Court examines whether the causes of action, relief sought, and the parties or privies to the action are the same. *Id.* at 689.

First, the Court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. *Id.* at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* In applying the transaction test, the Court examines four criteria: (1) whether rights or interests established in the prior judgment would be destroyed or

---

[1] In *Chapel I*, Chapel represents himself *pro se*; whereas, in *Chapel II*, Chapel is represented by counsel.

ORDER – 2

impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Second, the Court determines whether the respondents are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation, the necessary elements of which are an identity of interests and adequate representation." *Id*. at 691. "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." *Id*. at 691.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. *Id*. at 693-94. The Court has discretion to dismiss a duplicative complaint with prejudice in order to promote judicial economy and the comprehensive disposition of litigation, protect the parties from vexatious and expensive litigation, and serve the societal interest in bringing an end to disputes. *Id.* at 692.

**B.    Analysis**

Chapel currently has two wrongful foreclosure suits before this court: *Chapel I* and *Chapel II*. These suits arise out of the same nucleous of operative facts against BAC and the other Defendant in *Chapel I*, Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS is not a party to *Chapel II*. The subject property of both actions is the same: Chapel's residence at 5405 NE 95th Street, Vancouver, Washington. In *Chapel I*, the Court dismissed each of Chapel's claims except for his FDCPA claim. *Chapel I*, Dkt. 25. This dismissal was without prejudice.

Chapel has now filed the instant case (*Chapel II*) alleging improprieties in the nonjudicial foreclosure of the same subject property and has made allegations against BAC, also a Defendant in *Chapel I*.

ORDER – 3

*Chapel I* and *Chapel II* are duplicative suits. The two suits present a conflict of the rights of parties given that decisions in one matter will affect the rights of the same party in a separate matter, e.g., BAC. Moreover, ReconTrust is alleged to have taken actions as a trustee of BAC, which makes ReconTrust a privy with BAC and renders this case subject to the rules on claim splitting.

In opposition to the motion to dismiss in *Chapel II* (Dkt. 12), Chapel argues that his claims in *Chapel II* are different from *Chapel I*. He argues that the Court must first determine that he has stated a cause of action before it can decide whether the duplicative actions violate the rules against claim splitting. Chapel further argues that he is not attempting to circumvent the rules because, among other things, the Court dismissed claims in *Chapel I* without prejudice and that he could still amend his complaint in *Chapel I*.

Chapel misunderstands the rules against claim splitting. *Chapel* II is precisely the type of case that should be dismissed on the basis of being a duplicative action. A plaintiff, like Chapel, is required to bring all his claims in one suit against parties and parties in privy. Here, Chapel improperly brought claims against BAC in two different actions arising out of the same transaction. Second, ReconTrust is a privy of BAC, which makes *Chapel II* duplicative as well. In short, these cases are duplicative and it would be most efficient to have Chapel file all of his claims relating to the foreclosure of the subject property in one case, i.e., *Chapel I*. Although Chapel argues the Court should not dismiss *Chapel II* with prejudice, it is not an abuse of discretion to do so in duplicative cases such as this. *Adams*, 487 F.3d at 691.

ORDER – 4

**C.     Defendants' Arguments on the Merits**

Because the Court finds that this case is duplicative and, therefore, should be dismissed with prejudice, it declines to reach Defendants' other reasons for dismissal under Rule 12(b)(6).

## IV. ORDER

Therefore, it is hereby **ORDERED** that this case is dismissed with prejudice.

DATED this 8th day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5